**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**FA`AFIA FA`AFIA JR., Defendant,**

High Court of American Samoa
Trial Division

CR No. 20-02

June 18, 2003

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, John W. Cassell, Asst. Attorney General
For Defendant, Bentley C. Adams III, Asst. Public Defender

## ORDER ON MOTION FOR PSYCHIATRIC EXAMINATION

Defendant brings this motion seeking: (1) a court-ordered mental examination to determine whether the defendant is competent to stand trial; and (2) a court-appointed psychiatrist to assist him in his defense.

### I. Competency to Stand Trial

■ The defendant first seeks a court order allowing for a psychiatric evaluation to determine whether he is competent to stand trial. The American Samoa Government ("ASG") has acquiesced. Our power to order an examination is explicitly authorized by A.S.C.A. § 46.1303. This aspect of the motion will be granted.

### II. Assistance in Presenting Insanity Defense

■ Defendant also seeks at this time a court order appointing him a psychiatrist to assist him in presenting an insanity defense. Defendant's motion is not duplicative since competency to stand trial and insanity require two different legal standards. *See, e.g., United States v. Williams*, 998 F.2d 268, 264 n.15 (5th Cir. 1993). Furthermore, due process requires a court to provide an indigent defendant access to a competent psychiatrist if he shows "that his sanity at the time of the offense is to be a significant factor at trial." *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985); *see Duren v. Hopper*, 161 F.3d 655, 664-65 (11th Cir. 1998). To meet this burden a defendant must do more than offer "undeveloped assertions that the requested assistance would be beneficial[.]" *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985); *see Duren*, 161 F.3d at 665 (a defendant must demonstrate a substantial basis for the defense). "Rather, the defendant, at a minimum, must make a factual showing—must present specific evidence—that his sanity at the time of the offense is truly at issue." *Williams*, 998 F.2d at 263 n. 14 (quoting *Williams v. Collins*, 989 F.2d 841, 845 (5th Cir. 1993)).

■ At this point, the defendant has not carried his burden. Granted, the defendant has filed a declaration that he intends to use insanity as an affirmative defense. While this weighs in favor of finding that his sanity will be a significant factor at trial, this declaration, standing alone, does not suffice. Indeed, were it enough, any defendant would be able to file a declaration and be appointed a psychiatrist regardless of the merit of his motion.

■ We thus require a greater factual presentation than the one defendant has provided. Most of his argument speaks to his *present* state of mind,

which is relevant to his competency but not relevant to his sanity at the time of the alleged criminal action. *See Williams*, 998 F.2d at 263 n. 14. We do not, however, rule out the possibility that the defendant will be able to make this showing later on. But, at the very least, the initial finding of whether the defendant is competent to stand trial is highly relevant to this inquiry and we will postpone any further hearing on the matter until that determination has been made. *See Ake*, 470 U.S. at 86 (incompetence to stand trial is factor when determining whether due process required court appointed expert).[1]

## Order

█ We order that defendant undergo a psychiatric evaluation. Subsequently, we will hold a hearing pursuant to A.S.C.A. § 46.1305 to determine whether he is competent to stand trial: whether he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see generally Am. Samoa Gov't v. Taylor*, 16 A.S.R.2d 44 (Trial Div. 1990).

The motion is granted in part and denied in part.

It is so ordered.

---

[1] We also leave open the possibility of a bifurcated trial, where, though the defendant wishes to present insanity as a defense, the issue never arises because of a complete acquittal on the underlying charges. *See generally Am. Samoa Gov't v. Taylor*, 19 A.S.R.2d 99 (Trial Div. 1991).